124  437
f144  582

O. F. MYERS, Trustee in Bankruptcy of the Estate of WIL-
LIAM H. KOELL, Appellant, v. I. M. FULTZ, Appellee.

**Bankruptcy:** TRANSFER OF PROPERTY: CONSIDERATION. A fair consid-
eration within the meaning of the bankruptcy act of 1898, is one
which is honest and free from suspicion, but inadequacy alone is
insufficient to create a suspicion unless so great as to establish a
conviction that the sale was not in good faith. Evidence consid-
ered, and held that an exchange of property by a bankrupt within
four months preceding bankruptcy was for a fair consideration.

*Appeal from Franklin District Court.*— HON, J, H. RICH-
ARD, Judge.

TUESDAY, JULY 12, 1904.

ACTION at law to recover the value of certain. property
transferred by William H. Koell, a bankrupt, to the defend-
ant Fultz. Trial to a jury, verdict and judgment for defend-
ant, and plaintiff appeals.— *Affirmed.*

*John M. Hemingway* and *J. Y. Luke,* for appellant.

*E. P. Andrews* and *H. C. Liggett,* for appellee.

DEEMER, C. J.— William H. Koell was adjudged a
bankrupt on October 11, 1902. Plaintiff is a trustee in bank-
ruptcy, and as such brought this suit, claiming that on Sep-
tember 1, 1902, Koell had a stock of goods at Hampton, in
this State, worth about $2,000, and that, with intent to cheat
and defraud his creditors, he traded this said stock to the de-
fendant for land in Minnesota worth not to exceed $1,000,
taking title to the land in the name of his wife, and exe-
cuting a mortgage thereon to the defendant for the sum of
$225; that thereafter the wife conveyed the land so received
to innocent purchasers; and that plaintiff is entitled to judg-

ment for the difference between the value of the stock of goods and the amount represented by the land, to wit, $1,225. The defendant denied that the stock of goods was worth $2,000 and averred that the exchange was in perfect good faith.

In one paragraph of the charge the trial court instructed the jury as follows:

"You have been told in the preceding instructions that if such a sale was not in good faith, as defined for you, then defendant will be liable in this action to plaintiff for the damages caused him, which damages are hereinafter brought to your attention in other instructions. You have been also told that if said trade was not for a present, fair consideration, then defendant would also be liable for said damages. It becomes necessary, in view of this statement, to define for you the meaning of the words 'fair consideration,' as thus used. Now, if the price paid by defendant for the said stock of goods and fixtures was so much less than the fair market value of the said stock of goods and fixtures, at the time the trade was made, as in itself to put an ordinarily prudent person on guard — that is, to arouse his suspicions as to the intent or purpose of said Koell in making the trade of said stock of goods and fixtures for the price then paid — the consideration paid by defendant was not a fair consideration; that is to say if there was so great a difference between the fair market value of said stock and fixtures at the time of said trade, and the price paid therefor by defendant, as in that fact alone to arouse the suspicions on the part of an ordinarily prudent person of a wrong intent on the part of Koell to then dispose of said stock and fixtures, then the price paid by defendant was not a fair consideration. By 'wrong intent' is meant an intent to hinder, delay, or defraud a creditor or creditors."

Plaintiff contends that this instruction is erroneous, and that for this reason he is entitled to a reversal of the judgment. As this contention involves a construction of the so-

called bankrupt law of 1898, we here quote so much of section 67 thereof as is applicable to the case. The section provides that " all conveyances, transfers," etc., " made by a bankrupt within four months next preceding his bankruptcy, with intent to hinder, delay, or defraud his creditors, shall be void, except as to purchasers in good faith and for a present, fair consideration." Act July 1, 1898, chapter 541, 30 Statute, 564 (U. S. Compiled Statute 1901, page 3449). The exact complaint is that the trial court erred in its instruction as to what constitutes a " fair consideration " within the meaning of this federal statute, in that, in order to sustain such a conveyance, it must appear that the consideration for the transfer was a just equivalent of the thing bought. We do not think this is a proper construction of the statute. The word "fair," as there used, signifies no more than honest or free from suspicion. It was evidently not intended as the equivalent of " adequate," unless the inadequacy was such as to indicate a purpose on the part of the vendor to cheat or wrong his creditors. Until one is declared a bankrupt, third persons may deal with him as with any other, save that all transfers made by him within four months next preceding his bankruptcy, with intent on his part to hinder, delay, or defraud his creditors, shall be void, except as to good-faith purchasers for a present, fair consideration. " Fair," as here used, manifestly means honest — free from suspicion. *Dunlop v. Thomas,* 28 Wash. 521 (68 Pac. Rep. 909). The language used in the section quoted is substantially the same as that found in 13 Eliz., chapter 5, and statutes following it, and should receive a like construction. In an exchange, it is not necessary that the subject-matter be of equal value. *Dygert v. Remerschnider,* 32 N. Y. 642; *Congleton v. Schreihofer,* (N. J. Ch.) 54 Atl. Rep. 144. A trifling consideration is not a fair and honest one, but, on the other hand, the fact that the property is sold for less than what might have been obtained at a careful sale is not conclusive. Inadequacy of price is a badge of fraud, but the

inadequacy should be such as to strike the understanding with the conviction that such a sale could not have been made in good faith. The property disposed of in this case was a stock of goods, part of which was old and unsalable, and, of necessity, its value did not permit of any precise standard. The evidence was such as to call for an instruction such as was here given, and the verdict has full support. The testimony shows that, while the stock and fixtures at one time invoiced at $1,775, they were not worth to exceed fifty cents on the dollar. Defendant gave therefor land which was worth in the neighborhood of $800. So that, if the jury believed this evidence, there was a fair consideration for the property, and the instruction was correct.

This is the only point made by appellant, and, as it is without merit, the judgment must be, and it is, AFFIRMED.